# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jenifer Patterson, | ) |
| Plaintiff, | ) CV 11-0440-TUC-FRZ (JM) |
| v. | ) |
| American Family Mutual Insurance Co., et al., | ) **REPORT AND** |
| Defendants. | ) **RECOMMENDATION** |

Pending before the Court is a Motion to Remand (Doc. 4) filed by Plaintiff Jenifer Patterson ("Patterson"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1)(B) and Local Rule – Civil 72.1(b). As discussed below, the Magistrate Judge finds that the record does not support remand and therefore recommends that Patterson's Motion to Remand be denied.[1]

## I. Factual Background

On or about April 14, 2009, Patterson's vehicle collided with a vehicle driven by Janette Pierce in Tucson. After collecting the benefit limit of Pierce's insurance policy, Patterson sought to recover an additional $100,000 in underinsured motorist coverage from Defendant American Family Mutual Insurance Co. ("AmFam") under two policies (each with $50,000 in uninsured/underinsured motorist coverage), one belonging to Patterson and the other belonging to John Alred, with whom she resides. After receiving offers from AmFam

---

[1] Courts are split on the issue of whether a motion for remand constitutes a dispositive or non-dispositive motion. Kent Sinclair, Jr., *Practice Before Federal Magistrates*, § 16.06 and n. 3 (2010). There being no clear Ninth Circuit authority, the Magistrate Judge concludes out of an abundance of caution to rule on this motion by Report and Recommendation rather than by Order.

to settle the matter for $8,000 and then $25,000, Patterson, on March 21, 2011 renewed her demand for the $100,000 cumulative policy limits.

Dissatisfied with the offers and AmFam's handling of her claim, Patterson filed suit in Pima County Superior Court on June 23, 2011. In the complaint, Patterson alleges that Amfam breached the insurance contract and breached the covenant of good faith and fair dealing in relation to its handling of the claim. In the complaint, Patterson seeks damages of no less than $50,000 for the breach of contract, and no less than $50,000 for the breach of the implied covenant of good faith and fair dealing.

Amfam removed the Arizona action on July 25, 2011, to this court, maintaining that the parties' diversity of citizenship and the amount in controversy supported federal subjection matter jurisdiction under 28 U.S.C. § 1332. In the Notice of Removal, AmFam alleges that Patterson seeks "$100,000 in UIM insurance benefits."

On July 27, 2011, Patterson filed her Motion to Remand. In the motion, Patterson asserts that AmFam failed to identify an adequate basis for removal, but does not specifically address the amount in controversy. In response, AmFam alleges that complete diversity exists and that "[t]he gist of plaintiff's complaint is that her personal injury claim has a value in excess of $200,000 and that American Family should have paid the $100,000 UIM limits." In reply, Patterson argues that AmFam "cannot meet its burden by arguing that the Plaintiff admitted the case is worth at least $75,000.00 with the filing of the Complaint."

**II.     Discussion**

As the diversity of the parties is not disputed, the only controversy is the amount in controversy. In order to remove Patterson's state court action, AmFam must show by a preponderance of the evidence that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir.2003) (requiring proof by a preponderance of the evidence). The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of a defendant's liability. *Lewis v. Verizon*

*Communications, Inc.*, 627 F.3d 395, 400 (9th Cir.2010). When a plaintiff moves for remand, the removing defendant bears the burden of proving the amount in controversy exceeds $75,000, *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992), however, in doing so, the removing defendant need not concede liability for the entire amount, *Lewis*, 627 F.3d at 400.

Here, Patterson's state court complaint alleges AmFam offered her as much as $25,000 to settle her claim, but she refused and never decreased the amount of her demand from the $100,000 that she alleges is due under the policies of insurance. Additionally, in paragraph 16 of the complaint, she alleges that "no less than $50,000" is owned by AmFam for its breach of contract and, in paragraph 17, that "no less than $50,000" in damages have resulted from AmFam's alleged breach of the implied covenant of good faith and fair dealing.

Tellingly, rather than stipulating that the amount in controversy does not exceed $75,000, in her reply, Patterson merely alleges that AmFam "cannot meet its burden by arguing that the Plaintiff admitted the case is worth at least $75,000.00 with the filing of the Complaint." In support of her position, Patterson relies on *Valdez v. Allstate Insurance Co.*, 372 F.3d 1115 (9th Cir.2004). In that case, the plaintiff's complaint requested "general damages . . . in excess of $50,000.00," and the court remanded to the district court for a determination whether the amount in controversy was sufficient to establish jurisdiction. *Id.* at 1117-18. Obviously, the question in *Valdez* was quite different than what the Court faces here. In *Valdez*, the minimum damages sought by plaintiff in her complaint was $50,000, a sum that is $25,000 less than the jurisdictional requirement. On the other hand, Patterson has demanded a minimum of $100,000 in her complaint and has twice demanded that sum in settlement negotiations.

Without knowing more about the case, the Court cannot even estimate the value of Patterson's case. However, the preponderance of the available evidence establishes that the amount is in excess of $75,000. She demands more than that in the complaint and has twice demanded more than that in settlement negotiations. There is no indication from Patterson

that her demands amounted to "puffing," or are anything other than a candid assessment of her claim. *See, e.g.*, *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir.2006) (using settlement offers to evaluate value of claim for jurisdictional purposes). Therefore, the motion to remand must be denied.

## III.   Recommendation

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **DENY** Plaintiff's Motion to Remand (Doc. 4).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 11-0440-TUC-FRZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 21st day of September, 2011.

_Jacqueline Marshall_
Jacqueline Marshall
United States Magistrate Judge